**Karine MELKONYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–74733.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Oct. 26, 2010.

Alexander Morales, Esquire, Glendale, CA, for Petitioner.

Karine Melkonyan, pro se.

OIL, Monica Antoun, Esquire, Barry J. Pettinato, Russell John Verby, Trial, DOJ– U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of The District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of The District

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM **

Karine Melkonyan, a native of the former Soviet Union and a citizen of Uzbekistan, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Melkonyan's motion to reopen as untimely because she filed the motion to reopen almost five years after the BIA's April 8, 2003, order, *see* 8 C.F.R. § 1003.2(c)(2), and Melkonyan failed to establish that she acted with the due diligence required for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (stating that equitable tolling is available where "petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"); *cf. Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.